PEOPLE, PLAINTIFF AND APPELLEE, *v.* LIMA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Violation of Section 162 of the Penal Code.

No. 979.—Decided April 28, 1916.

ELECTION LAW—REGISTRATION—RESIDENCE—CONCLUSION OF LAW.—In this case the information charges that the accused caused his name to be registered in the registry of voters knowing that he was not entitled to such registration ''for lack of legal residence, as required by section 16 of the Election Law now in force.'' *Held:* That this was rather a conclusion of law than the statement of a specific fact and that the information should not have referred to the statute, but should have stated in clear and unmistakable terms what length of residence was necessary before the defendant could register.

INFORMATION—DETAILS OF CRIME CHARGED.—The information should contain such specification of facts and descriptive circumstances that from its face it may be possible to determine the identity of the offense with such particularity as to enable the accused to know exactly what he has to meet and avail himself of a conviction or acquittal as a bar to a further prosecution arising out of the same facts.

The facts are stated in the opinion.
*Mr. Arturo Aponte, Jr.,* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

Mr. Justice del Toro delivered the opinion of the court.

The material part of the information in this case reads as follows:

"On one of the days of the month of July, 1914, in Naguabo, of the Judicial District of Humacao, P. R., the said defendant then and there wilfully caused his name to be registered in the registry of voters of the municipality of Naguabo and precinct of Naguabo, knowing that he was not entitled to such registration for lack of legal residence as required by section 15 of the Election Law now in force."

The case having been called for trial and the defendant having been arraigned, he demurred to the information on the ground that it did not allege facts sufficient to constitute a public offense. The demurrer was overruled by the court and after hearing the evidence judgment was rendered convicting the defendant, who thereupon took the present appeal.

In his brief the appellant insists that the facts alleged in the information are insufficient to charge the offense in the proper manner, inasmuch as the expression, "for lack of legal residence as required by section 15 of the Election Law now in force," is rather a conclusion of law than the statement of a specific fact, which, together with the others alleged in the accusation, constitute the commission of a real offense.

We agree with the appellant. The information of itself should describe the whole offense charged. The *fiscal* should not have referred to the statute, but should have stated in clear and unmistakable terms what length of residence was necessary before defendant could register. See *The People* v. *Gabino, ante* p. 765.

"The information should contain," says Cyc. in summarizing the jurisprudence on the point, "such a specification of acts and descriptive circumstances as will on its face fix and determine the identity of the offense with such particularity as to enable the accused to know exactly what he has to meet, and avail himself of a conviction or acquittal

as a bar to a further prosecution arising out of the same facts.'' 22 Cyc. 295.

The judgment appealed from should be reversed and the defendant discharged.

*Reversed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.